**Leroy FLEMING, Plaintiff–Appellant,**

v.

**THE CITY OF DETROIT, et al.,**
**Defendants–Appellees.**

No. 03–2253.

United States Court of Appeals,
Sixth Circuit.

Aug. 9, 2004.

Rehearing En Banc Denied Oct. 18, 2004.

Leroy Fleming, Kincheloe, MI, for Plaintiff-Appellant.

Sharon D. Blackmon, Detroit, MI, for Defendant-Appellee.

Before BOGGS, Chief Judge; DAUGHTREY, Circuit Judge; and WISEMAN, District Judge.*

*ORDER*

Leroy Fleming, a Michigan prisoner proceeding pro se, appeals a district court judgment denying his civil rights action filed pursuant to 42 U.S.C. §§ 1983, 1985 and 1986. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Fleming is an inmate in the custody of the Michigan Department of Corrections. The defendants are the City of Detroit, Investigator A. Coleman of the Detroit Police Department, and Detroit Police Officers identified as John Doe # 1, John Doe # 2, and Jane Doe. This action revolves around a series of encounters that brought together Fleming and members of his family and at least one friend of a family member. Fleming was involved in a number of confrontations with several of these people at the conclusion of which

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

Fleming wound up in prison on a felonious assault conviction. Fleming's theory in this case is that others should have been investigated and prosecuted for their behavior in addition (or instead of) him. Fleming raises the following grounds for relief: (1) the defendant police officers failed to provide adequate police protection; (2) defendant Coleman violated his First and Fourteenth Amendment right of access to the courts by not pursuing criminal charges against Fleming's sister and her boyfriend; (3) the defendants conspired to violate his constitutional rights; and (4) defendant Coleman's decision to pursue criminal charges against him, but not against his sister and her boyfriend, violated his Fourteenth Amendment right to equal protection on a theory of selective prosecution.

On December 18, 2002, Fleming filed a motion to amend his complaint. Fleming filed six discovery related motions including motions for sanctions. On February 20, 2003, the defendants filed a motion for summary judgment claiming qualified immunity. On May 22, 2003, Fleming filed a motion for partial summary judgment, and the defendants responded.

On July 24, 2003, Magistrate Judge R. Steven Whalen issued a report and recommendation that the defendants' motion be granted and the case dismissed. On July 29, 2003, Magistrate Judge Whalen issued separate opinions and orders denying Fleming's motion to amend and his discovery motions. Also on that date, Magistrate Judge Whalen issued a report and recommendation denying Fleming's motion for partial summary judgment. On August 28, 2003, the district court adopted Magistrate Judge Whalen's reports and recommendations over Fleming's objections. Judgment was entered September 2, 2003. This appeal followed.

After careful review of the record, we conclude that summary judgment for the defendants was proper for the reasons stated by Magistrate Judge Whalen and adopted by the district court. *See* Fed. R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). All individual defendants were entitled to qualified immunity because none of Fleming's constitutional rights have been violated. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The remaining arguments on appeal are without merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.